# *Exhibit 1*

**Michigan Supreme Court**
**Lansing, Michigan**

# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

### CHRISTIE v WAYNE STATE UNIVERSITY

Docket No. 162706. Argued on application for leave to appeal December 7, 2022. Decided May 2, 2023.

Susan Christie filed an action in the Wayne Circuit Court against Wayne State University, asserting age and disability discrimination under the Elliott-Larsen Civil Rights Act (the ELCRA), MCL 37.2101 *et seq.*; and the Persons with Disabilities Civil Rights Act (the PWDCRA), MCL 37.1101 *et seq.* Plaintiff began working for defendant in 1974. She took a medical leave of absence in February 2017 and returned to work on May 1, 2017. Plaintiff alleged that after her return to work, her supervisors questioned her about her age, asked her when she intended to retire, and had conversations with others in her presence regarding the ages of employees. Plaintiff received a negative job-performance review on September 22, 2017, allegedly the first negative review she had ever received, and defendant terminated her from her job on November 27, 2017. Plaintiff filed this action on April 4, 2019. Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that MCL 600.6431(1) of the Court of Claims Act (the COCA), MCL 600.6401 *et seq.*, required plaintiff to file either a verified complaint with the Court of Claims or notice of intent to file suit with the Court of Claims within one year of the accrual of her claim; defendant maintained the plaintiff's claim was barred by governmental immunity because she failed to do either. The court, David J. Allen, J., denied the motion, concluding that MCL 600.6431(1) did not preclude plaintiff from filing her claim in the circuit court because the COCA notice requirements only applied to claims litigated in the Court of Claims. Defendant appealed that decision in the Court of Appeals. Plaintiff moved to dismiss the appeal, arguing that the trial court's order was not a final, appealable order under MCR 7.202(6)(a)(v) and that the Court of Appeals therefore lacked jurisdiction to hear the appeal; the Court of Appeals denied that motion. While the Court of Appeals, STEPHENS, P.J., and SERVITTO and LETICA, JJ., ultimately concluded that it lacked jurisdiction to hear the appeal as a matter of right, it treated the appeal as though leave had been granted and affirmed the trial court's order in an unpublished per curiam opinion issued January 28, 2021 (Docket No. 350321). Relying on *Tyrrell v Univ of Mich*, 335 Mich App 254 (2020)—which held that MCL 600.6431's notice requirements apply only to claims initiated against the state in the Court of Claims—the Court of Appeals concluded that because plaintiff had filed her claim in the circuit court (instead of the Court of Claims), the one-year requirement of MCL 600.6431(1) did not apply to bar her claim. Defendant sought leave to appeal in the Supreme Court, which ordered and heard oral argument on whether to grant defendant's application for leave to appeal or take other action. 508 Mich 1003 (2021).

In a unanimous opinion by Justice ZAHRA, the Supreme Court, in lieu of granting leave to appeal, *held*:

Given the unambiguous language of MCL 600.6431, any claim against the state, regardless of where it is filed, must comply with the notice requirements of MCL 600.6431, except those exempted in MCL 600.6431 itself; this includes claims brought by plaintiffs in the circuit court against the state.  The notice provision's statutory history, as well as the COCA's broader history and role as a limited waiver of Michigan's sovereign immunity from suit, support this conclusion. The contrary decision of the Court of Appeals in *Tyrrell* had to be overruled.  Plaintiff failed to file the notice required by MCL 600.6431(1) within one year of the accrual of her claim; accordingly, the trial court erred by denying defendant's motion for summary disposition.

1.  The Legislature has waived immunity against the state for claims brought under both the PWDCRA and the ELCRA.  MCL 37.2801(2) of the ELCRA and MCL 37.1606(2) of the PWDCRA both allow plaintiffs to bring claims in the circuit court for the county in which the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has their principal place of business.  In turn, MCL 600.6431(1) of the COCA provides that, except as otherwise provided in that section, a claim may not be maintained against the state of Michigan unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the Court of Claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.  The language of the provision is clear, and it applies categorically to a "claim" against the state; thus, the language of the provisions does not relieve claimants who choose to file their claims against the state in the circuit courts from complying with MCL 600.6431.  MCL 600.6431(5) states that MCL 600.6431 does not apply to a claim for compensation under the Wrongful Imprisonment Compensation Act (the WICA), MCL 691.1751 *et seq*.  By amending Subsection (1) in 2020 to include the words, "[e]xcept as otherwise provided in this section," while simultaneously adding Subsection (5)—an exception for claims brought under the WICA—the Legislature clearly intended that the only exception to the MCL 600.6431 notice requirements is the current exception in MCL 600.6431(5) for WICA claims.  The Legislature also could have carved out a similar exception for ELCRA and PWDCRA claims, but it did not.  Further, had the Legislature intended MCL 600.6431 to apply only to claims brought in the Court of Claims, it could have said so.  The statutory history of the notice provision similarly signals the Legislature's intent that all claims against the state are subject to the notice requirement of MCL 600.6431. Specifically, since the amendment of the statute in 1941, the statute has not contained language limiting the notice requirements to claims filed in the Court of Claims.

2.  The COCA's broader history and role as a limited waiver of Michigan's sovereign immunity from suit supports the same conclusion reached by reading the plain language of MCL 600.6431.  In enacting the COCA, the Legislature expressly conditioned its waiver of the state's sovereign immunity on compliance with the notice requirements in MCL 600.6431(1).  The provision's notice requirements ensure that the proper state entity is informed about a potential claim, can prepare for litigation, and can create reserves to cover potential liability.  There is no logical reason to conclude that the Legislature intended state defendants be notified when a party intends to sue them in the Court of Claims but not when the party intends to sue the state in a different court.  While not expressly authorized in the PWDCRA and the ELCRA, both statutes, which were enacted after creation of the COCA, allow litigants to request jury trials against the

state.  In response, the Legislature reformed the COCA to carve out claims for which there is a right to jury trial.  That is, the COCA was amended to allow concurrent jurisdiction over claims against the state for which there is a right to trial by jury as otherwise provided by law.  By providing for concurrent rather than exclusive jurisdiction and not amending MCL 600.6431(1), the Legislature left intact the broad language used in the 1961 enactment that no claim may be maintained against the state or its institutions absent compliance with the notice requirements.  Thus, while the Legislature made clear that certain claims, including ELCRA and PWDCRA claims, could be brought before a jury in the circuit court, there is no indication in the statute that the Legislature intended to eliminate the preexisting notice requirements for such claims.  Given this history, it is clear that MCL 600.6431(1) provides a general rule that a party must follow, regardless of forum, for that party to overcome immunity and bring the state before a court.  Accordingly, while MCL 600.6421 allows for jurisdiction in courts other than the Court of Claims for claims for which there is a right to a jury trial, the plaintiffs in those cases must still comply with MCL 600.6431.  Importantly, the COCA is a chapter of the Revised Judicature Act, MCL 600.101 *et seq.*, which applies, in at least some manner, to all claims and demands against the state.  It is unsurprising that a notice provision placed within a broader set of rules governing civil litigation must be consulted when proceeding against the state under an act like the ELCRA or the PWDCRA.

3.  As applied to this case, it was undisputed that plaintiff did not comply with the requirements of MCL 600.6431(1) within one year of the accrual of her claims.  Accordingly, the trial court erred by denying defendant's motion to dismiss on this ground, even though no prejudice resulted.

Court of Appeals judgment reversed; case remanded to the trial court for entry of summary disposition in favor of defendant.

Justice BOLDEN did not participate in the disposition of this case because the Court considered it before she assumed office.

Michigan Supreme Court
Lansing, Michigan

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED  May 2, 2023

STATE OF MICHIGAN

SUPREME COURT

SUSAN CHRISTIE,

   Plaintiff-Appellee,

v             No. 162706

WAYNE STATE UNIVERSITY,

   Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH (except BOLDEN, J.)

ZAHRA, J.

   This case presents the question of whether MCL 600.6431, a notice provision contained in the Court of Claims Act (the COCA),[1] applies to all claims filed against the state, or only to those claims filed against state defendants in the Court of Claims.

_____

[1] MCL 600.6401 *et seq*.

Defendant, Wayne State University, terminated the employment of plaintiff, Susan Christie, in November 2017.  Plaintiff commenced a civil action in the Wayne Circuit Court, advancing claims of age and disability discrimination under the Elliott-Larsen Civil Rights Act (the ELCRA),[2] and the Persons with Disabilities Civil Rights Act (the PWDCRA).[3]  In lieu of answering, defendant moved for summary disposition under MCR 2.116(C)(7) on the basis of governmental immunity, arguing that plaintiff failed to comply with MCL 600.6431(1) by filing the required notice of intent to sue within one year of the date that her claims accrued.  Defendant thus argued that plaintiff's claims must be dismissed.   The circuit court denied defendant's motion, finding that the notice requirements in MCL 600.6431(1) apply only to claims brought in the Court of Claims, not to claims brought in the circuit court.

Defendant appealed by right.  The Court of Appeals first concluded that it lacked jurisdiction to hear defendant's appeal by right, but it construed the appeal as an application for leave to appeal and reached the merits of defendant's claim as on leave granted.  The Court of Appeals then affirmed the lower court in an unpublished per curiam opinion.[4]  In doing so, the panel relied on *Tyrrell v Univ of Mich*,[5] in which the Court of Appeals held that a plaintiff is not required to comply with MCL 600.6431 of the COCA in order to

---

[2] MCL 37.2101 *et seq*.

[3] MCL 37.1101 *et seq*.

[4] *Christie v Wayne State Univ*, unpublished per curiam opinion of the Court of Appeals, issued January 28, 2021 (Docket No. 350321).

[5] *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020).

proceed against a state defendant in the circuit court.  In this Court, defendant argues that *Tyrrell* was wrongly decided.

We agree.  We hold that the Court of Appeals in *Tyrrell* erred by concluding that MCL 600.6431(1)'s notice requirements apply only to claims initiated against the state in the Court of Claims.  MCL 600.6431(1) broadly states that, "[e]xcept as otherwise provided in this section, *a claim may not be maintained against this state*" unless the claimant files a written claim or written notice of intention to file a claim with the clerk of the Court of Claims within one year after the claim has accrued.[6]  The text of this provision does not limit its notice requirements to claims initiated in the Court of Claims.  To the contrary, by its terms, MCL 600.6431(1) applies categorically to "a claim" against the state.  Therefore, we conclude that the notice requirements of MCL 600.6431(1) apply to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself.[7]  This interpretation is supported by the statutory history of MCL 600.6431 and is entirely consistent with the COCA's history and role as a limited waiver of the state's immunity from suit.  We overrule *Tyrrell* to the extent it holds to the contrary.  Here, it is undisputed that plaintiff did not comply with MCL 600.6431(1) within one year of the accrual of her claims.  Accordingly, her claims must fail.  We thus reverse the judgment of

---

[6] Emphasis added.

[7] See MCL 600.6431(5) ("This section does not apply to a claim for compensation under the wrongful imprisonment compensation act, 2016 PA 343, MCL 691.1751 to 691.1757.").

the Court of Appeals and remand this case to the Wayne Circuit Court for entry of summary disposition in favor of defendant.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff was hired by defendant in 1974 as an office assistant and later became an office-services supervisor at defendant's College of Pharmacy and Health Sciences. Plaintiff took medical leave in February 2017 and returned to work on May 1, 2017. Following her return, she claimed that she was asked by her supervisors how old she was and when she intended to retire.  She says that her supervisors also engaged in multiple conversations in her presence regarding the ages of employees.  Plaintiff asserts that, after 40 years of receiving excellent performance evaluations, she received her first negative review on September 22, 2017.  On November 27, 2017, defendant terminated plaintiff's employment.

On April 4, 2019, plaintiff filed a civil complaint against defendant in the Wayne Circuit Court, alleging that defendant violated the ELCRA and the PWDCRA.  Defendant responded by moving for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiff was required to file either a verified complaint with the Court of Claims or a notice of intent to file suit with the Court of Claims within one year of the accrual of her claims pursuant to MCL 600.6431(1) of the COCA.  Defendant maintained that plaintiff's claims were barred by governmental immunity because she failed to do either.  The trial court denied defendant's motion, finding that "[p]laintiff's failure to comply with MCL 600.6431(1) does not preclude her from pursing her claim in this court" because "the Court

4

of Claims Act sets forth the applicable procedures for cases litigated in the Court of Claims, not in every other court across the state of Michigan."

Defendant claimed an appeal of right.  Plaintiff moved to dismiss the appeal pursuant to MCR 7.211(C)(2), arguing that the trial court's order was not a final, appealable order under MCR 7.202(6)(a)(v), and thus, the Court of Appeals lacked jurisdiction to hear the appeal.  The Court of Appeals denied the motion and later affirmed the trial court in an unpublished per curiam opinion.[8]  The panel concluded that it lacked jurisdiction to hear the appeal as a matter of right and instead treated the appeal as though it had granted leave to appeal.  The Court of Appeals then relied on its decision in *Tyrrell*[9] to conclude that plaintiff was not required to comply with MCL 600.6431(1) given that she brought her claims in the circuit court rather than in the Court of Claims.[10]  The Court of Appeals therefore allowed plaintiff's claims to proceed.

Defendant sought leave to appeal in this Court, and in lieu of granting leave, we ordered oral argument on the application, directing the parties to file supplemental briefs addressing "whether the [plaintiff's] claims against the [defendant], which were filed in the circuit court, are subject to MCL 600.6431(1)'s notice requirements[.]"[11]

---

[8] *Christie*, unpub op at 1, 4.

[9] *Tyrrell*, 335 Mich App 254.

[10] *Christie*, unpub op at 3-4.

[11] *Christie v Wayne State Univ*, 508 Mich 1003 (2021).  We also directed the parties to address "whether the order denying [defendant's] motion for summary disposition, which asserted governmental immunity, is a final order that is appealable by right" under MCR 7.202(6)(a)(v).  Because this Court is currently considering modifying the scope of this

## II.  STANDARD OF REVIEW AND APPLICABLE RULES OF STATUTORY INTERPRETATION

A trial court's ruling on a motion for summary disposition is reviewed de novo.[12] Whether plaintiff was required to comply with MCL 600.6431 of the COCA is an issue of statutory interpretation that this Court likewise reviews de novo.[13] "The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most 'reliable evidence' of that intent, the language of the statute itself."[14] "When legislative intent is clear from the language, no further construction is required or permitted."[15] When considering the correct interpretation, the statute must be read as a whole[16] and in a manner that ensures that it works in harmony with the entire statutory scheme.[17]

## III.  LEGAL BACKGROUND

The defendant university is an instrumentality of the state.[18]  The state and its instrumentalities are generally immune from suit.[19]  Nonetheless, "[t]he Legislature can,

---

court rule, and because the Court of Appeals considered defendant's application as on leave granted, we decline to address this issue in this opinion.

[12] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[13] *Fairley v Dep't of Corrections*, 497 Mich 290, 296; 871 NW2d 129 (2015).

[14] *Id*. at 296-297 (citation omitted).

[15] *Id*. at 297.

[16] See *Sun Valley Foods Co v Auditor General*, 460 Mich 230, 237; 596 NW2d 119 (1999).

[17] See *Wayne Co v Fuller*, 250 Mich 227, 234; 229 NW 911 (1930).

[18] See Const 1963, art 8, § 4; MCL 390.643, as enacted by 1956 PA 183.

[19] See *Pohutski v Allen Park*, 465 Mich 675, 681-682; 641 NW2d 219 (2002).

and has, abrogated the state's sovereign immunity by enacting legislation consenting to suit."[20]  Relevant to this case, the Legislature has waived immunity against the state in the text of the pertinent statutes of the PWDCRA and the ELCRA.[21]  Notably, jurisdiction in the circuit court is authorized by both the ELCRA and the PWDCRA.  The ELCRA states that "[a]n action commenced pursuant to subsection (1) may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his principal place of business."[22] The PWDCRA contains identical language in MCL 37.1606(2).

The key issue presented in this case is whether MCL 600.6431(1), a provision in the COCA, applies to plaintiff's ELCRA and PWDCRA claims, which were properly brought in the circuit court.  MCL 600.6431(1) provides as follows:[23]

---

[20] *Progress Mich v Attorney General*, 506 Mich 74, 87; 954 NW2d 475 (2020).

[21] See MCL 37.2103(g) (defining an "employer" prohibited from taking certain discriminatory actions under the ELCRA as a "person," including "the state or a political subdivision of the state or an agency of the state"); MCL 37.1103(g) (defining an "employer" under the PWDCRA as a "person," including "this state, or any other legal, commercial, or governmental entity or agency").  See also *In re Bradley Estate*, 494 Mich 367, 393 n 60; 835 NW2d 545 (2013) (identifying the ELCRA and the PWDCRA as waiving immunity for claims within their statutory prohibitions).

[22] MCL 37.2801(2).

[23] At the time that plaintiff's suit was filed, a prior version of the statute stated, in pertinent part, that "[n]o claim shall be maintained against the state . . . ."  MCL 600.6431(1), as enacted by 1961 PA 236.  This language was amended by 2020 PA 42 to its current version, which states that "a claim may not be maintained against this state . . . ."  MCL 600.6431(1).  The amended statute applies retroactively to March 29, 2017.  2020 PA 42, enacting § 1.  Because plaintiff filed her complaint on April 4, 2019, this opinion refers to the language used in the current version of MCL 600.6431.  The language used in both

Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

MCL 600.6431(5) then states, "This section does not apply to a claim for compensation under the wrongful imprisonment compensation act [(WICA)], 2016 PA 343, MCL 691.1751 to 691.1757."

This Court has explained that adherence to the conditions set forth in MCL 600.6431 is necessary "to successfully expose the defendant state agencies to liability."[24] In the context of the governmental tort liability act (GTLA),[25] this Court in *Rowland v Washtenaw Co Rd Comm* overturned approximately 30 years of precedent in holding that the 120-day notice provision in MCL 691.1404 of the GTLA "was constitutional," that "no 'saving construction' was necessary or allowed," and that "the engrafting of [a] prejudice requirement onto the statute was entirely indefensible."[26] Five years later, this Court held in *McCahan v Brennan* that the reasoning of *Rowland* equally applied to the notice provision in MCL 600.6431 of the COCA, holding that "statutory notice requirements must be interpreted and enforced as plainly written and that no judicially

---

versions is substantively indistinguishable, and the minor difference in language between the versions is insignificant to our analysis.

[24] *Fairley*, 497 Mich at 298.

[25] MCL 691.1401 *et seq*.

[26] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 211; 731 NW2d 41 (2007).

created saving construction is permitted to avoid a clear statutory mandate."[27] Ultimately, the Court concluded that the "[f]iling [of a] notice outside the statutorily required notice period does not constitute compliance with the statute."[28]  In 2015, in *Fairley v Dep't of Corrections*, this Court explained that, by enacting MCL 600.6431, "the Legislature has qualified a claimant's ability to bring a claim against the state by requiring that 'the claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.' "[29]  In holding that the plaintiffs' claims must be dismissed, the Court ruled that, when a "notice [is] either unverified but timely or untimely but verified, . . . it fails to meet the conditions precedent to maintaining a suit against the [state]."[30]

While this Court has thus categorized MCL 600.6431 as a precondition to suing the state and cautioned that full compliance with the provision is required regardless of a finding of prejudice, this Court has not considered whether MCL 600.6431 applies to claims filed outside of the Court of Claims, like plaintiff's claims in this case.  The Court of Appeals considered this issue of first impression in *Tyrrell*, holding that "absent the Legislature's conditioning its consent to suit on compliance with the COCA, a plaintiff properly bringing a claim in circuit court against the state or a state defendant to which

---

[27] *McCahan v Brennan*, 492 Mich 730, 732-733; 822 NW2d 747 (2012).

[28] *Id*. at 747.

[29] *Fairley*, 497 Mich at 298, quoting former MCL 600.6431.

[30] *Fairley*, 497 Mich at 300.

MCL 600.6431 applies is not required to comply with MCL 600.6431 for his or her claim to proceed in that court."[31]  This holding was based in large part on the panel's conclusion that "[t]he COCA, when read as a whole, and the placement of MCL 600.6431 in the statutory scheme suggest that the Legislature intended for MCL 600.6431 to apply only to claims brought in the Court of Claims."[32]  The Court of Appeals in the instant case relied on *Tyrrell* to hold that plaintiff was not required to comply with MCL 600.6431 given that she filed suit in the circuit court rather than in the Court of Claims.  This case presents the Court with the opportunity to determine whether *Tyrrell* was correctly decided.

## IV.  ANALYSIS

We conclude that *Tyrrell* erred by holding that MCL 600.6431(1)'s notice requirements apply only to claims initiated against the state in the Court of Claims.  Instead, MCL 600.6431(1) applies to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself.  This conclusion is supported by the plain language and statutory history of MCL 600.6431, as well as the history and purpose of the COCA, including its role in waiving the state's immunity from suit under limited circumstances.

---

[31] *Tyrrell*, 335 Mich App at 272.

[32] *Id*. at 269.

10

## A.  THE TEXT OF MCL 600.6431

The unambiguous language of MCL 600.6431(1) broadly states that, "[e]xcept as otherwise provided in this section, *a claim may not be maintained against this state*" unless the claimant files a written claim or written notice of intention to file a claim with the clerk of the Court of Claims within one year after the claim has accrued.[33]  The provision does not say "a claim may not be maintained against this state *in the Court of Claims*" absent compliance with its requirements.  To the contrary, by its terms, MCL 600.6431(1) applies categorically to "a claim" against the state.  Absent from this section is any language that relieves claimants who choose to file their claims against the state in the circuit courts from complying with MCL 600.6431.

Amendments of MCL 600.6431 reinforce the point.  In 2020, the Legislature added to Subsection (1) the words, "[e]xcept as otherwise provided in this section," while simultaneously adding Subsection (5), an exception for claims brought under the WICA, stating that MCL 600.6431 "does not apply to a claim for compensation under the [WICA.]"[34]  With this language, the Legislature was clear that the only exception to MCL 600.6431(1)'s notice requirements is contained "in this section"—in other words, in MCL 600.6431.  The only exception to the notice requirements expressed in MCL 600.6431 is the exception for WICA claims found in MCL 600.6431(5).  The statute contains no similar exception for any other claim against the state, including those brought under the ELCRA

---

[33] Emphasis added.

[34] 2020 PA 42.

or the PWDCRA.[35]  The amended version of the statute, like the previous version, does not distinguish between claims filed in any particular court.[36]

The Legislature knows how to limit the effect of a provision of the COCA to the Court of Claims when it wishes to do so.  For example, in MCL 600.6452, the Legislature

---

[35] Plaintiff, like the Court of Appeals in *Tyrrell*, finds it meaningful that the GTLA expressly incorporates MCL 600.6431, but the ELCRA and the PWDCRA do not.  We do not find this to be legally significant to resolving the issue before us.  The GTLA is a complex statutory scheme defining the terms and conditions under which tort claims may be filed against the government.  One of those terms and conditions, MCL 691.1404(1), is a requirement that notice of claims based on injuries suffered on a defective highway be served on the governmental agency.  See MCL 691.1404(1) ("As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect.  The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.").  MCL 691.1404(2) then provides in part that, "[i]n case of the state, such notice shall be filed in triplicate with the clerk of the court of claims.  *Filing of such notice shall constitute compliance with section 6431 of Act No. 236 of the Public Acts of 1961, being section 600.6431 of the Compiled Laws of 1948, requiring the filing of notice of intention to file a claim against the state*."  (Emphasis added.)  The GTLA says only that a notice that complies with its notice requirement also satisfies the notice requirement of MCL 600.6431.  The GTLA dictates how a plaintiff must comply with MCL 600.6431 of the COCA in cases governed by the GTLA.  The cited language in MCL 691.1404(2) does not imply that other statutes that do not include such language exempt a party from complying with the otherwise applicable notice requirement in MCL 600.6431.  To the contrary, the fact that MCL 691.1402(2) indicates that its notice requirement satisfies MCL 600.6431 suggests that the terms of MCL 600.6431's notice requirement would have otherwise applied.  In short, the GTLA's reference to MCL 600.6431 in no way suggests that the statute loses its status as a condition precedent to suing the state outside of the Court of Claims.  Instead, as is discussed later in this opinion, MCL 600.6431 was intended to constitute a generally applicable requirement for claims against the state that would not require the Legislature to enact a notice requirement with each new waiver of immunity, such as in the ELCRA and the PWDCRA.

[36] MCL 600.6431(1).

stated, "Every claim against this state, *cognizable by the court of claims*, is forever barred unless the claim is filed *with the clerk of the court* . . . within 3 years . . . ."[37] Because there is no qualifier in MCL 600.6431 limiting the notice requirement to claims filed in the Court of Claims, the Legislature needed to specify where the required notices must be filed: with the clerk *of the Court of Claims*. In contrast, MCL 600.6452 does contain qualifying language that limits the section to claims that proceed in the Court of Claims. Consequently, unlike in MCL 600.6431, there was no need for the Legislature to specify which clerk's office would handle the filings. Had the Legislature intended for MCL 600.6431 to apply only to claims brought in the Court of Claims, it could have similarly made that intent known.[38]

The statutory history of the notice provision further signals the Legislature's intent that all claims against the state are subject to MCL 600.6431(1)'s notice requirements.

---

[37] Emphasis added.

[38] See *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011) ("Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion. . . . [C]ourts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there.") (quotation marks and citation omitted).

Relatedly, if this Court were to conclude that MCL 600.6431(1)'s notice requirements apply only in the Court of Claims, there would seemingly have been no reason for the Legislature to specify that the notice required by that section must be filed with "the office of the clerk of the court of claims . . . ." The Legislature could have simply referred to "the clerk of the court" like it did in MCL 600.6452. See *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65, 71; 894 NW2d 535 (2017) ("This Court, as with all other courts, must give effect to every word, phrase, and clause in a statute to avoid rendering any part of the statute nugatory or surplusage.").

When the COCA was first enacted, the Legislature required the filing of verified claims as follows in 1939 PA 135, § 12: "In lieu of a declaration or bill of complaint, *suit in said court* shall be started by filing with the clerk thereof a verified statement of claim in the form of a petition setting forth with reasonable certainty and with detail . . . the nature and extent of the claim[.]"[39]  The phrase "in said court" indicated that the procedure set forth in § 12 applied specifically to the newly created Court of Claims.  Two years later, the Legislature amended the COCA, adding a reworked notice provision in 1941 PA 137, § 11a, that looks substantially similar to the current version:

> No claim shall be maintained against the state unless the claimant shall, within 1 year after such claim shall have accrued, file in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

While 1939 PA 135, § 12 discussed "suit[s] in said court," the Legislature with the subsequent 1941 amendment chose not to include similar limiting language in § 11a.

In 1961, when the COCA was reworked, MCL 600.6431 was modeled after § 11a, containing the same "[n]o claim may be maintained" language.[40]  This language remained intact until the 2020 amendment resulting in the present version of the notice provision, which retained similarly broad language that "a claim may not be maintained against this

---

[39] 1939 PA 135, § 12 (emphasis added).

[40] Compare 1941 PA 179, § 11a, with 1961 PA 236, § 6431(1).

state . . . ."[41]  Thus, the current version of the notice provision, like the 1941 version (but unlike its 1939 predecessor), omits any indication that its terms apply only in the Court of Claims.[42]  Consequently, since 1941, a claim may not be maintained against the state unless the claimant timely files, with the clerk of the Court of Claims, a written claim or notice of intention to file a claim.  In 2020, the Legislature identified the lone exception to the notice requirement for WICA claims.[43]  In carving out WICA claims, the Legislature could have also removed ELCRA or PWDCRA claims from MCL 600.6431's reach.  It did not do so, providing further evidence that it intended the notice requirement to apply to such claims.

In short, under the unambiguous language of MCL 600.6431, any claim against the state, regardless of where it is filed, must comply with MCL 600.6431(1)'s notice requirements, except for claims brought under the WICA as exempted in MCL 600.6431(5).   The notice provision's statutory history supports this conclusion. Accordingly, the Court of Appeals in *Tyrrell* incorrectly read a forum limitation into MCL 600.6431, which, by its express terms, applies without limitation to all claims against state defendants, including those filed in the circuit court.  It is undisputed that plaintiff did not file the required notice with the clerk of the Court of Claims.  Consequently, plaintiff's

---

[41] 2020 PA 42; MCL 600.6431(1).

[42] See *Bush v Shabahang*, 484 Mich 156, 169-170; 772 NW2d 272 (2009) ("This Court cannot assume that language chosen by the Legislature is inadvertent.  To the contrary, this Court must assume that an express legislative change denotes either a change in the meaning of the statute itself or a clarification of the original legislative intent of the statute. We cannot assume that the change means nothing at all.") (citations omitted).

[43] 2020 PA 42; MCL 600.6431(5).

failure "to comply strictly with this notice provision warrants dismissal of the claim[s], even if no prejudice resulted."[44]

## B.  THE HISTORY OF THE COCA

This conclusion is entirely consistent with the COCA's broader history and role as a limited waiver of the state's sovereign immunity from suit.  "From the time of Michigan's statehood, this Court's jurisprudence has recognized that the state, as sovereign, is immune from suit unless it consents, and that any relinquishment of sovereign immunity must be strictly interpreted."[45]  Consent to sue the state was initially granted on a case-specific basis.[46]  As this proved burdensome, the state in 1842 created a Board of State Auditors to decide whether to consent to suit, and in the 1920s, this function transferred to the State Administrative Board, which could settle and pay claims.[47]  By enacting the COCA in 1939, the Legislature, "for the first time, adopted a comprehensive legislative scheme authorizing suit against the State of Michigan and its various agencies."[48]  The COCA therefore "stands as this state's controlling legislative expression of waiver of the state's

---

[44] *Rusha v Dep't of Corrections*, 307 Mich App 300, 307; 859 NW2d 735 (2014).

[45] *Pohutski*, 465 Mich at 681.

[46] *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 598; 363 NW2d 641 (1984).

[47] *Id*. at 599.

[48] *Greenfield Constr Co, Inc v Dep't of State Hwys*, 402 Mich 172, 195; 261 NW2d 718 (1978).  See also 1939 PA 135, § 2.

sovereign immunity from direct action suit against it and its agencies and of their submission to the jurisdiction of a court."[49]

While the Legislature consented to the jurisdiction of a court by enacting the COCA, the Legislature "[di]d not waive[] or abrogate[] the right to rely on its sovereign immunity."[50] Rather, "[i]t being optional with the [L]egislature whether it would confer upon persons injured a right of action . . . or leave them remediless, it could attach to the right conferred any limitations it chose."[51] And in enacting the COCA, the Legislature imposed such limitations by conditioning its waiver of sovereign immunity upon the requirement that those with claims against the state provide notice within one year of their claims' accrual. That is, when the Legislature enacted the COCA, it expressly conditioned its waiver of the state's sovereign immunity on compliance with the procedures set forth in the notice requirement now contained in MCL 600.6431(1).

The Legislature enacted both the PWDCRA and the ELCRA in 1976.[52] While these statutes did not expressly state that they created a right to a trial by jury, they referred to the state as a potential employer who faced liability for discriminating in the fashion prohibited by the statutes and conferred jurisdiction on the circuit court to entertain those

---

[49] *Greenfield Constr*, 402 Mich at 195.

[50] *Van Antwerp v State*, 334 Mich 593, 601; 55 NW2d 108 (1952).

[51] *Rowland*, 477 Mich at 212 (quotation marks and citation omitted).

[52] 1976 PA 453 (ELCRA); 1976 PA 220 (PWDCRA).

actions.  In *King v Gen Motors Corp*,[53] the Court of Appeals held that, "[w]hile the Elliott-Larsen Civil Rights Act is silent on the right to a trial by jury, we find that jury trials are a litigant's right under the act."  This ruling was extended to ELCRA suits against the state in *Marsh v Dep't of Civil Serv*.[54]  The Court of Appeals again held that a party has a right to a jury trial in an ELCRA action in *Barbour v Dep't of Social Servs*,[55] and this Court endorsed this reasoning in *Anzaldua v Band*.[56]

With this background in mind, the Legislature ultimately reformed the COCA to carve out claims for which there is a right to a jury trial.  In 2013, the Legislature changed the seat of the Court of Claims from the Ingham Circuit Court to the Michigan Court of Appeals.[57]  In doing so, the Legislature expressed its preference for the Court of Claims to serve as the exclusive forum for claims against the state that, until then, parties litigated in

---

[53] *King v Gen Motors Corp*, 136 Mich App 301, 308-309; 356 NW2d 626 (1984).

[54] *Marsh v Dep't of Civil Serv*, 142 Mich App 557, 569-570; 370 NW2d 613 (1985).

[55] *Barbour v Dep't of Social Servs*, 172 Mich App 275, 280-281; 431 NW2d 482 (1988) ("Had the Legislature intended all civil rights claims against the state to be tried without a jury, it would seem that it would have conferred jurisdiction over such suits upon the Court of Claims, not the circuit court.").

[56] *Anzaldua v Band*, 457 Mich 530, 553-554; 578 NW2d 306 (1998).  While *Anzaldua* pertained to a claim brought under the Whistleblowers' Protection Act, MCL 15.361 *et seq*., the same reasoning extends to ELCRA and PWDCRA claims.  The Court there said that the statute at issue "specifically includes the state among the bodies to be regulated by defining 'employers' subject to the act to include the state and its political subdivisions. Nothing in the act suggests that the state is not to be treated the same as a business for purposes of the act's protection of noncivil service employees like the plaintiff.  We find it significant that the Legislature chose to subject the state to suit in the circuit court rather than in the Court of Claims."  *Id*. at 553.

[57] See MCL 600.6404, as amended by 2013 PA 164, effective November 12, 2013.

circuit courts.[58]   The Legislature additionally established a statutory mechanism for transferring actions from circuit courts to the Court of Claims.[59]

Initially, the new Court of Claims was vested with exclusive jurisdiction over nearly every action against the state, even when another statute had vested jurisdiction in another court.[60]   And at that time, MCL 600.6443 of the COCA provided that all cases tried in the Court of Claims "shall be heard by the judge without a jury."[61]   But about a month after the initial changes in 2013, the Legislature amended MCL 600.6421 to confer concurrent jurisdiction on both circuit courts and the Court of Claims in jury cases[62] in order to preserve a litigant's right to a jury trial, explaining in MCL 600.6421 that the COCA did not "deprive[] the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law."   When providing for concurrent rather than exclusive jurisdiction, the Legislature did not amend MCL 600.6431(1), but rather left intact the broad language used in the 1961 enactment that "[n]o claim may be maintained" against

---

[58] See 2013 PA 164 (amending MCL 600.6419(1)(a) to create exclusive jurisdiction over "any claim or demand, statutory or constitutional," in the Court of Claims "notwithstanding another law" vesting jurisdiction in circuit courts).

[59] See *id*. (amending MCL 600.6404 to add MCL 600.6404(3)).

[60] See MCL 600.6419(1)(a).

[61] MCL 600.6443 of the COCA remains unchanged.

[62] See MCL 600.6421(1), as amended by 2013 PA 205.

the state or its institutions absent compliance with the notice requirement. Consequently, while the Legislature made clear that certain claims, including ELCRA and PWDCRA claims, could be brought before a jury in the circuit court, the Legislature gave no indication that it intended to eliminate the preexisting notice requirement for such claims.

Considering this history of the COCA as establishing the terms of the state's waiver of its sovereign immunity from suit, it reasonably follows that the notice provision of the COCA sets forth a general rule that a party must follow, regardless of forum, if that party is to overcome immunity and bring the state before a court. This understanding of the COCA undermines the reasoning of the Court of Appeals in *Tyrrell* that "it would make little sense for the Legislature to intend for a law placed in the middle of the [COCA,] MCL 600.6401, and sandwiched between two Court-of-Claims-specific laws, to be applicable to claims filed *in any court in the state*."[63] When the notice provision now contained in MCL 600.6431(1) was originally enacted, the only court in which a party could sue the state was in the Court of Claims. Satisfaction of the rules of the forum for the Court of Claims, including the notice requirement, was mandatory to overcome the state's sovereign immunity. While the Legislature subsequently enacted laws like the PWDCRA and the ELCRA that expressly include the state as a potential defendant and give jurisdiction to the circuit court, it gave no indication that doing so meant that those plaintiffs were exempted from complying with MCL 600.6431. That those acts allowed additional types of claims against the state did nothing to impact what procedures a plaintiff must follow to bring

---

[63] *Tyrrell*, 335 Mich App at 270.

such claims.  By its terms, the notice provision continues to apply to all claims against the state, not just those before the Court of Claims, and the Legislature in 2013 indicated no intent to disavow this applicability.  In sum, while MCL 600.6421 allows for jurisdiction in courts other than the Court of Claims for claims for which there is a right to a jury trial, the plaintiffs in those cases must still comply with MCL 600.6431.  Otherwise, the Legislature has not waived the state's sovereign immunity.

Moreover, despite plaintiff's assertions that it is illogical to require a party in the circuit court to consult the COCA, it is notable that the COCA is a chapter of the Revised Judicature Act (RJA), MCL 600.101 *et seq*., which broadly applies, in at least some manner, to all claims and demands against the state.  It is unsurprising that a notice provision placed within a broader set of rules governing civil litigation might need to be consulted when proceeding under an act like the ELCRA or the PWDCRA.  As the Attorney General notes, "by placing an unambiguous and broadly applicable statutory notice provision that applies to all claims against the State in a chapter of the RJA that every individual with a claim against the State needs to consult, the Legislature made its intent perfectly clear."[64]  *Tyrrell* thus erred by citing MCL 600.6431's placement in the

---

[64] Amicus Curiae Brief of the Michigan Department of Attorney General (February 28, 2022) at 17.  Indeed, consultation of the COCA is often an essential step for a party in determining in which court to bring a claim against the state.  While MCL 600.6419 and MCL 600.6421 permit a party to proceed in the circuit court when that party seeks a trial by jury, an individual that has a claim for declaratory or equitable relief arising out of the same transaction as the claim for which they have a right to a jury trial must consider MCL 600.6421(2).  This subsection provides that "the court of claims shall retain exclusive jurisdiction over the matter of declaratory or equitable relief . . . until a final judgment has been entered, and the matter asserted for which a party has the right to a trial by jury under subsection (1) shall be stayed until final judgment on the matter of declaratory or equitable

COCA as supporting its holding that the provision is inapplicable to claims filed in the circuit court.

In sum, the overall structure and history of the COCA supports the same conclusion reached by reading the plain language of MCL 600.6431: except as explicitly exempted in MCL 600.6431(5), all claims against the state are subject to MCL 600.6431(1)'s notice requirements, including those claims initiated in the circuit court. This conclusion is entirely consistent with the purpose of the notice provision. This Court has recognized that MCL 600.6431(1)'s notice requirements ensure that the proper state entity learns about a potential claim, can prepare for litigation, and can create reserves to cover potential liability.[65]  There is no logical reason to conclude that the Legislature intended state defendants be notified when a party intends to sue them in the Court of Claims but not when the party intends to sue them elsewhere. Exempting only a narrow range of cases from the notice requirement—those in which the party is seeking solely monetary damages and those in which the party has a jury claim, demands a jury trial, and waives any right to injunctive and equitable relief—would not further the purpose of the notice requirement.[66]

---

relief . . . ." MCL 600.6421(1). Accordingly, under MCL 600.6421(1) and (2), an ELCRA or PWDCRA claimant with both legal and equitable claims must decide whether they wish to proceed with their equitable claim; if they do, the Court of Claims will have exclusive jurisdiction and will enter a final judgment on that claim before the legal claim may proceed in the circuit court. It is therefore often necessary for an individual with a claim against the state, including ELCRA and PWDCRA claimants, to consult the COCA to ascertain which courts possess jurisdiction over their claims.

[65] See, e.g., *McCahan*, 492 Mich at 744 & n 24.

[66] Plaintiff says that it is "wholly illogical" that the Legislature would require a plaintiff to file a notice of intent with the clerk of the Court of Claims before a claim can be filed in the circuit court. But requiring the filing of the notice of intent with the clerk of the Court

V.  CONCLUSION

We conclude that all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the notice requirements of MCL 600.6431(1). This includes claims against the state brought in the circuit court.  Because it concluded to the contrary, we overrule *Tyrrell*.  It is undisputed in this case that plaintiff did not comply with MCL 600.6431(1) within one year of the accrual of her claims.  Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for entry of summary disposition in favor of defendant.

> Brian K. Zahra
> Elizabeth T. Clement
> David F. Viviano
> Richard H. Bernstein
> Megan K. Cavanagh
> Elizabeth M. Welch

BOLDEN, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

---

of Claims for *all* claims against the state helps satisfy the aforementioned purpose of the notice requirement.  As this Court said in *McCahan*, the purpose of requiring notice to a particular entity, like the Court of Claims in MCL 600.6431(1), is to "ensure that notice will be provided to the *proper* governmental entity, thereby protecting plaintiffs and defendants alike from having the wrong component of government notified."  *McCahan*, 492 Mich at 744.  Designating one clerk as responsible for conveying all notices to the proper state defendant results in a streamlined system, ensuring that the defendant promptly learns about a potential claim and can prepare for litigation.  It is therefore entirely logical to require the filing of notice with the clerk of the Court of Claims for all claims against this state, not only for those claims brought in the Court of Claims.