UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEATHER KERCHEN et al., <br> Plaintiffs, <br> v. <br> CHRISTIAN RAPHALIDES et al., <br> Defendants. | Case No. 22-cv-12492 <br> Honorable Shalina D. Kumar <br> Magistrate Judge David R. Grand |

**OPINION AND ORDER DISMISSING ALL CLAIMS WITHOUT PREJUDICE AND TERMINATING DEFENDANT WOODS' MOTION TO DISMISS (ECF NO. 26)**

Plaintiffs Heather Kerchen, Lori Kerchen, and Dale Kerchen filed this action against defendants Christian Raphalides ("Raphalides"), James H. Woods ("Woods"), and the University of Michigan ("the University"), alleging various claims arising from the death of plaintiffs' family member, Todd Kerchen. ECF No. 1. Following an interlocutory appeal, the Court dismissed plaintiffs' claims against the University, all claims against Woods in his official capacity, and the constitutional and wrongful death claims (Counts I-II) against Woods in his individual capacity. Plaintiffs' claims for violations of Michigan's Drug Dealer Liability Act ("DDLA"), M.C.L.

691.1601 *et. seq.*, remain against Woods in his individual capacity and all of plaintiffs' claims (Counts I-VI) remain against Raphalides. ECF No. 24.

Woods filed a motion to dismiss and for an order directing plaintiffs to show cause for failure to serve Raphalides. ECF No. 26. The motion is fully briefed and requires no hearing for decision. ECF Nos. 26, 29-30; E.D. Mich. LR 7.1(f). For the reasons below, the Court dismisses Raphalides from this action without prejudice due to plaintiffs' continued failure to serve him and declines to exercise supplemental jurisdiction over the remaining claims against Woods.

For a court to have personal jurisdiction over a defendant, proper service of process is required. *Canaday v. Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021). Accordingly, "[s]ervice requirements are more than mere technicalities"—they "implicate due process." *Savoie v. City of E. Lansing*, 2022 WL 3643339, *2 (6th Cir. Aug. 24, 2022) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

Under Federal Rule of Civil Procedure 4, a plaintiff must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If the plaintiff fails to do so, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

must extend the time for service for an appropriate period." *See* Fed. R. Civ. P. 4(m).

Whether good cause exists is a determination left to "the sound discretion of the district court." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). The plaintiff bears the burden of showing good cause and "why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). A plaintiff may demonstrate "good cause" by showing "a reasonable, diligent effort" at proper service. *Savoie*, 2022 WL 3643339, *4 (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021)). "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant . . . does not constitute good cause." *Id.* (citation omitted); *see also Johnson*, 835 F. App'x at 115 ("[L]ack of prejudice and actual notice are insufficient" to establish good cause, as are "mistake of counsel or ignorance of the rules." (cleaned up)).

Here, it is undisputed that plaintiffs did not serve Raphalides by January 2023, approximately 90 days after filing this action in October 2022. Plaintiffs explain that on unspecified dates, they initially mailed a request for a waiver of service to Raphalides' four previously known addresses, followed by attempts to contact Raphalides through various methods, including through Raphalides' associate and two relatives. ECF

No. 29, PageID.324-25; ECF No. 1, PageID.12. Based on this, and without further explanation or evidence, plaintiffs assert that good cause exists for their continued failure to serve Raphalides.

Plaintiffs fail to carry their burden of showing that good cause exists Despite having the opportunity to do so in response to Woods' motion, they provide no further explanation or evidence showing their efforts to contact Raphalides. Moreover, plaintiffs offer no explanation for why, in the face of their ineffective attempts to serve Raphalides well after the deadline forn doing so had already passed, they are using the same methods for service that have proven unsuccessful, rather than seek leave from the Court for alternate service under applicable state law. Indeed, the Federal Rules of Civil Procedure make alternate service available for predicaments like plaintiffs'. *See* Fed. R. Civ. P. 4(e)(1); Mich. Ct. R. 2.105(J)(1) ("[If] service of process cannot reasonably be made . . . the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.").

Under these circumstances, reasonable and diligent efforts at service would include filing motions for alternate service and for an extension of time to serve Raphalides and doing so before Woods raised the issue in a

Page **4** of **6**

second motion to dismiss.[1] Yet, plaintiffs failed to take such actions. Because plaintiffs' efforts at service indicates ignorance of the rules and otherwise misplaced efforts at service, good cause does not exist, and "the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Only plaintiffs' state law DDLA claims remain against Woods. Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction over state law claims. Under 28 U.S.C. §1367(c), the Court may decline to exercise supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Because the Court is dismissing all claims

---

[1] Although the Court has discretion to extend plaintiffs' time for service regardless of whether good cause exists, the Court has little reason to do so based on its consideration of the applicable factors set forth in *United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565 (6th Cir. 2022). Most notably, the Court finds that any extension would be well beyond plaintiffs' deadline for service, nothing indicates that Raphalides has actual notice of this action, and plaintiffs have not made a particularly diligent effort to achieve service, as discussed above. *See id.* at 569. Further, due to plaintiffs' lack of service, the Court will dismiss Raphalides without prejudice—plaintiffs will thus suffer minimal, if any, prejudice as a result. *See id.*

over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law DDLA claims against Woods. These claims are dismissed without prejudice.

For the reasons above, the Court **DISMISSES WITHOUT PREJUDICE** all claims in this action. As a result, the Court need not address Woods' substantive arguments for dismissal and **TERMINATES** Wood's motion to dismiss. ECF No. 26.

Dated: December 23, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge